842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Robert BROWN, Defendant-Appellant.
 No. 87-5563.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1988.
Decided March 8, 1988.
 
 Harold Johnson Bender (Bender, Lawson & Howerton, on brief), for appellant.
 David Alan Graham, Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney, on brief), for appellee.
 Before WIDENER, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Robert Brown was convicted of mail and wire fraud as well as for interstate transportation of stolen goods.[1] He appeals the denial of his motion for judgment of acquittal as to counts one and two of the indictment. We find no merit to his argument, and we affirm.
 
 
 2
 The facts surrounding the crime are not disputed. On August 23, 1984, Brown telephoned a gem wholesaler, one Bruce, in Georgia, falsely represented himself to be a buyer for a reputable jeweler, and ordered 104 gemstones valued at $410,000 wholesale. Pursuant to Brown's telephone instructions, Bruce mailed the gems to Brown's North Carolina home. Unknown to Brown, the gem dealer partially filled this order by directing a California dealer, who had some of Bruce's stones on consignment, to ship those gems directly to Brown in North Carolina. Brown was ultimately apprehended in Florida, where he had pawned some of the gems and had some in his possession.
 
 
 3
 Counts one and two of the indictment pertain to the mailings from Georgia and California. Brown argues that he had no knowledge or even notice that there would be any mailing, and especially from California. Hence, he argues, the use of the United States mails was not foreseen, and since he ordered from Georgia, that especially applies to the mailing from California. From this foundation, Brown asserts that his conviction as well as the sentence imposed with respect to these counts cannot stand. We disagree.
 
 
 4
 The purpose of the mail fraud statute is to prevent use of the mails to further fraudulent schemes. The foreseeability requirement pertains to the use of the mails generally. There is no requirement that the defendant have foreseen each, or any, specific instance of mailing. Indeed, the defendant need not even intend the use of the mails in furtherance of his scheme; rather, he must only reasonably foresee their possible use. United States v. Locklear, 829 F.2d 1314 (4th Cir.1987).
 
 
 5
 Indicative of the nature of the foresight requisite to support conviction is the recent Supreme Court affirmance of mail fraud convictions arising out of a conspiracy to trade on confidential information belonging to the Wall Street Journal. Although the scheme involved advance notice to several insiders as to the content of a respected column that traditionally affected stock prices, the Court held that anticipated circulation of the paper, via mailing, was sufficient to satisfy the foreseeability requirements of the mail fraud statute. Carpenter v. United States, 56 U.S.L.W. 4007, 4010 (1987).
 
 
 6
 In this case, it is undisputed that Brown telephoned the gem dealer in Georgia and requested that the gems be sent to Brown's home in North Carolina. The stones had to be shipped somehow, and we are unable to conclude from these facts that Brown did not, or could not, reasonably foresee the use of the mails in furtherance of his fraudulent scheme.
 
 The judgment of conviction is accordingly
 AFFIRMED.[2]
 
 
 [1]
 Brown was convicted on all five counts contained in the indictment: Counts one and two charged violation of 18 U.S.C. Sec. 1341 (mail fraud); Counts three and four charged violation of 18 U.S.C. Sec. 2314 (interstate transportation of stolen goods); and Count five charged violation of 18 U.S.C. Sec. 1343 (fraud by wire)
 
 
 [2]
 Brown's brief and oral argument may be said to challenge the mailing from California under count 4 (interstate transportation of stolen goods) and to argue that he did not intend the goods to be shipped from California, only from Georgia. If that be true, we think that is a risk that Brown took, and that his argument, whether it be as a defense to mail fraud or interstate transportation, is equally without merit